# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-519-RJC

| | |
|---|---|
| ANTHONY WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) |
| JAMES J. EXUM, Attorney at Law, | )   ORDER |
| Defendant. | ) |

**THIS MATTER** comes before the Court upon an initial review of Plaintiff's civil rights Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I.  FACTUAL BACKGROUND

Plaintiff has filed this civil rights action against James J. Exum ("Exum"), an attorney who Plaintiff retained to represent him in connection with his arrest and a North Carolina Department of Revenue forfeiture action. (Doc. No. 1 at 3). Plaintiff's Complaint seeks compensatory and punitive damages on his claims of breach of contract, unfair and deceptive trade practices, and intentional and negligent infliction of emotional distress. (Id. at 6-10).

## II.  STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted. See id.

### III. DISCUSSION

The law is clear that a defense attorney, whether privately retained, court-appointed, or a public defender, is not amenable to suit under § 1983 because defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of §1983 action against court-appointed attorney as lacking "state action"); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of §1983 action against retained counsel). While the allegations against Exum may be sufficient to state a cause of action for legal malpractice in a State civil proceeding, they are not cognizable in this federal proceeding because they do not involve any state action. Plaintiff's claims against Exum must, therefore, be dismissed because Exum did not act under color of state law when serving as Plaintiff's defense

2

attorney. 42 U.S.C. § 1983.

## IV. CONCLUSION

**IT IS , THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: December 5, 2011

Robert J. Conrad, Jr.
Chief United States District Judge